USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL DECASTRO, MICHAEL WALKER, SUSAN CALVO, YONG ZHANG, IOSIF MULLAEV, and KELLY MACON, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

THE CITY OF NEW YORK, DAVID YASSKY, MEERA JOSHI, and THE NEW YORK CITY TAXI and LIMOUSINE COMMISSION,

Defendants.

---

No. 16-CV-3850 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs bring this action under 42 U.S.C. § 1983 against the City of New York, the New York City Taxi and Limousine Commission ("TLC"), and two TLC officials, alleging violations of their constitutional rights. Before the Court is Plaintiffs' motion for an award of interim attorneys' fees pursuant to 42 U.S.C. § 1988. For the reasons set forth below, Plaintiffs' motion is granted, subject to the modifications that follow.

## BACKGROUND

This case concerns the constitutionality of the City of New York's policy or practice of seizing vehicles suspected of being used for hire without proper licensing. *See* Am. Compl. ¶ 2 (Dkt. 27). This alleged policy or practice was first considered by the Hon. Valerie Caproni in *Harrell v. City of New York*, in which a putative class of individuals allege that their vehicles were

seized, based on allegations of "first-time violations" of N.Y.C. Admin. Code § 19–506, in violation of their Fourth and Fourteenth Amendment rights. *See* Am. Compl. ¶¶ 1–4, 94, *Harrell v. City of New York*, No. 14-CV-7246 (VEC) (Nov. 13, 2014) (Dkt. 24). On September 30, 2015, Judge Caproni granted the *Harrell* plaintiffs summary judgment against the City. *See Harrell v. City of New York*, 138 F. Supp. 3d 479, 484 (S.D.N.Y. 2015).[1] Daniel Ackman and Andrew M. St. Laurent serve as lead counsel in *Harrell*, as they do here. *See id.* at 483 (listing counsel).

After Judge Caproni granted summary judgment to the plaintiffs in *Harrell*, Ackman and St. Laurent filed the complaint in this case on behalf of Plaintiffs Angel DeCastro, Michael Walker, Susan Calvo, and Yong Zhang, as representatives of a different putative class: "TLC-licensed vehicle owners or alleged repeat offenders whose cars are seized based on the city ordinance that was at issue in *Harrell*." Compl. ¶ 9 (Dkt. 7). According to Plaintiffs, this case "is an extension of *Harrell*," as their "theories of liability in this case are the same as those advanced by the plaintiffs in *Harrell*." Pls.' Mem. in Supp. of Mot. for Att'ys Fees ("Pl. Mem.") at 1 (Dkt. 49). On August 26, 2016, Plaintiffs amended their complaint, adding Iosif Mullaev and Kelly Macon as Plaintiffs. *See* Am. Compl. (Dkt. 27).

Defendants served offers of judgment on Walker, Zhang, and Mullaev on July 12, 2016, August 1, 2016, and September 19, 2016, respectively. *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Atty'ys Fees Award ("Def. Mem.") at 1–2 (Dkt. 53). Each offer included "reasonable attorneys' fees, expenses and costs to the date of [the] offer." *See* Pl. Mem. at 2.[2] Walker, Zhang, and Mullaev accepted the offers. *See id.*

---

[1] On reconsideration, Judge Caproni denied two of the *Harrell* plaintiffs' motions for summary judgment. *See Harrell v. Joshi*, No. 14-CV-7246 (VEC), 2015 WL 9275683, at *4 (S.D.N.Y. Dec. 18, 2015).

[2] The parties have not submitted copies of the offers of judgment in connection with this motion. Defendants do not, however, dispute the accuracy of Plaintiffs' description of the offers' terms.

On December 2, 2016, Plaintiffs filed this motion for an order awarding interim attorneys' fees and entering judgment for Walker, Zhang, and Mullaev. *See* Notice of Mot. (Dkt. 48). On December 23, 2016, Defendants filed a response in opposition to the motion. *See* Def. Mem. On January 6, 2017, Plaintiffs filed a reply. *See* Pl. Reply Mem. (Dkt. 55).

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, a court may award a "prevailing party" in a civil rights action reasonable attorneys' fees and costs. 42 U.S.C. § 1988(b). "To qualify as a prevailing party, a civil rights plaintiff must obtain at least *some relief* on the merits of his claim." *Lilly v. City of New York*, No. 16-CV-322 (ER), 2017 WL 3493249, at *2 (S.D.N.Y. Aug. 15, 2017) (alteration omitted) (emphasis in original) (quoting *Barbour v. City of White Plains*, 788 F. Supp. 2d 216, 221 (S.D.N.Y. 2011)). "The Second Circuit has held that plaintiffs who accept Rule 68 offers of judgment qualify as 'prevailing parties' entitled to attorneys' fees and costs." *Williams v. City of New York*, No. 16-CV-233 (JPO), 2017 WL 1906899, at *1 (S.D.N.Y. May 9, 2017) (quoting *Davis v. City of New York*, No. 10-CV-699 (SAS), 2011 WL 4946243, at *2 (S.D.N.Y. Oct. 18, 2011)). Since Walker, Zhang, and Mullaev accepted Rule 68 offers of judgment, they are "prevailing parties" under § 1988(b).

"In calculating attorney's fees, the district court must first determine the 'lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee.'" *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (alteration omitted) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "A court may adjust the lodestar, in rare circumstances, when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015). In

3

determining the amount of the reasonable fee, "the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)). Ultimately, a "'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)).

"The party seeking fees bears 'the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Shabazz v. City of New York*, No. 14-CV-6417 (GHW), 2015 WL 7779267, at *2 (S.D.N.Y. Dec. 2, 2015) (quoting *Savoie v. Merch. Bank*, 166 F.3d 456, 463 (2d Cir. 1999)). "Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Abdell*, 2015 WL 898974, at *2 (quoting *Sprint Commc'ns Co. L.P. v. Chang*, No. 13-CV-3846 (RA), 2014 WL 6611484, at *6 (S.D.N.Y. Nov. 21, 2014)).

## DISCUSSION

### A. Hourly Rates

"In determining the reasonable hourly rate, 'courts must look to the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Lilly*, 2017 WL 3493249, at *2 (quoting *Ognibene v. Parkes*, No. 08-CV-1335 (LTS), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014)). "The relevant community, in turn, is the district in which the court sits." *Williams*, 2017 WL 1906899, at *1 (quoting *Mosher v. Davita Healthcare Partners Inc.*, No. 15-CV-7594 (JPO), 2016 WL 3963131, at *1 (S.D.N.Y. July 20,

2016)). "In evaluating the reasonableness of the hourly rate, the Second Circuit has urged district courts to keep in mind the twelve *Johnson* factors." *Id.* (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (quoting *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

### 1. Ackman

Plaintiffs argue that Daniel Ackman is entitled to an hourly rate of $525. *See* Pl. Mem. at 4–6. Ackman graduated from Columbia Law School in 1988 and has spent the past 16 years focusing on "class action litigation, most often concerning the civil rights of taxi drivers." *See* Decl. of Daniel L. Ackman ("Ackman Decl.") ¶ 2 (Dkt. 52). Ackman notes, for example, that he represented a plaintiff class of taxi drivers in *Padberg v. McGrath-McKechnie*, which challenged the constitutionality of certain TLC policies and which resulted in a settlement of approximately $7 million in favor of the taxi drivers. *See id.*; Stipulation of Settlement at 1, *Padberg v. McGrath-McKechnie*, No. 00-CV-3355 (RJD) (E.D.N.Y. Aug. 1, 2006) (Dkt. 311). Ackman asserts that an hourly rate of $525 is "in the middle of the range of rates awarded to peer counsel in similar cases in recent years," but he does not state his customary hourly rate. *See* Ackman Decl. ¶ 6.

Plaintiffs' proposed hourly rate of $525 for Ackman is unreasonable. "Precedent in the Southern District of New York demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650." *Lilly*, 2017 WL 3493249, at *2; *see also, e.g., Chen v. TYT E.*

5

*Corp.*, No. 10-CV-5288 (PAC) (DF), 2013 WL 1903735, at *2 (S.D.N.Y. May 8, 2013) ("Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600 . . . with rates on the higher end of this spectrum reserved for extraordinary attorneys held in unusually high regard in the legal community." (internal quotation marks omitted)). Ackman's credentials suggest that that an hourly rate near the upper end of this range may be reasonable. At the time this motion was filed, Ackman had approximately 28 years of experience and had spent the last 16 years focusing on class action litigation. Ackman Decl. ¶ 2. In addition, Ackman has achieved some success in prior cases similar to this one, as he secured a $7 million settlement for a class of taxi drivers in a prior suit against the TLC, which also involved constitutional claims. *See id.* Ackman has thus shown that he has considerable experience and a record of some success in similar litigation.

Nonetheless, several factors weigh against finding that Ackman is entitled to the hourly rate he seeks. Most importantly, in light of the work he had already performed in *Harrell*, this case required little "time and labor" or "skill." *Arbor Hill*, 522 F.3d at 186 n.3 (quoting *Johnson*, 488 F.2d at 717). By Plaintiffs' own admission, this case is simply "an extension of *Harrell*," and the "theories of liability in this case are the same as those advanced by the plaintiffs in *Harrell*." Pl. Mem. at 1. In filing the initial and amended complaints in this action, Ackman and St. Laurent made relatively minor changes to the pleadings they had submitted in *Harrell*. *Compare* Am. Compl., *with* Am. Compl., *Harrell v. City of New York*, No. 14-CV-7246 (VEC) (Nov. 13, 2014) (Dkt. 24).[3] In addition, this case was not particularly active before the offers of judgment were

---

[3] Moreover, while *Harrell* has focused on alleged "first-time violators" rather than alleged "second or subsequent violators" of § 19–506, Ackman nonetheless articulated the same basic argument regarding "second or subsequent violators" as he does here—asserting, in a letter to Judge Caproni, that "seizures of vehicles operated by alleged second (or subsequent) offenders of § 19–506" is unconstitutional. Letter from Daniel L. Ackman to Hon. Valerie E. Caproni, *Harrell v. City of New York*, No. 14-CV-7246 (VEC) (Jan. 21, 2016) (Dkt. 75).

accepted: at that time, the parties had not engaged in any discovery or motion practice. Finally, Ackman has not provided any evidence of a customary hourly rate in line with the rate he seeks here. In light of these considerations, the Court concludes that the requested hourly rate of $525 for Ackman is not reasonable.

Instead, guided by several other decisions of courts in this District, the Court finds that an hourly rate of $425 for Ackman is appropriate. In *Williams v. City of New York*, No. 16-CV-233 (JPO), 2017 WL 1906899 (S.D.N.Y. May 9, 2017), for example, Judge Oetken found an hourly rate of $400 reasonable for an attorney in a § 1983 case resolved after the plaintiff accepted a Rule 68 offer of judgment, where the attorney was somewhat less experienced than Ackman—having graduated from law school in 2003—but was required to spend more effort on the case, "undertak[ing] to build a substantial record to support motion practice" and addressing "complexities" unique to the case. *Id.* at *2. In *Lilly v. City of New York*, No. 16-CV-322 (ER), 2017 WL 3493249 (S.D.N.Y. Aug. 15, 2017), Judge Ramos determined that an hourly rate of $450 was reasonable for an attorney with greater experience than Ackman—a record of handling "at least 167 civil rights cases in this District alone"—where the case, like this one, "lasted less than 10 months, required no depositions, and involved no substantial motions or briefings." *Id.* at *1, 4–5. Similarly, in *Charles v. City of New York*, No. 13-CV-3547 (PAE), 2014 WL 4384155 (S.D.N.Y. Sept. 4, 2014), Judge Engelmayer concluded that an hourly rate of $450 was appropriate for an attorney in a § 1983 case that was likewise resolved when the plaintiff accepted a Rule 68 offer of judgment, where the attorney claimed to have approximately 25 years in civil rights litigation. *See id.* at *3–4. Consistent with these decisions, among others, the Court concludes that an hourly rate of $425 is reasonable for Ackman. *See also, e.g., Dancy v. McGinley*, No. 11-CV-7952 (LMS), 2015 WL 6693326, at *5–6 (S.D.N.Y. Sept. 21, 2015) (finding $400 per hour

reasonable for an "experienced civil rights attorney" who "has litigated civil rights actions for more than two decades"); *Munoz v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11-CV-7037 (JPO), 2014 WL 4652481, at *4 (S.D.N.Y. Sept. 18, 2014) (awarding $400 per hour to "an experienced civil rights attorney with almost twenty years in practice"), *aff'd*, 607 F. App'x 85 (2d Cir. 2015) (summary order).[4]

### 2. St. Laurent

Plaintiffs argue that Andrew M. St. Laurent, co-lead counsel with Ackman, is entitled to an hourly rate of $550. *See* Pl. Mem. at 6–7. St. Laurent graduated from Columbia Law School in 1998 then served as a law clerk to two federal judges. Decl. of Andrew M. St. Laurent in Supp. of Pls.' Appl. for a Fee Award ("St. Laurent Decl.") ¶ 3 (Dkt. 50). He then worked as an associate at a law firm and as a staff attorney at the Legal Aid Society before joining Harris, St. Laurent & Chaudhry LLP ("HSC") as a partner. *See id.* ¶ 4. St. Laurent claims that he has served as lead counsel in at least 15 trials, including one in a § 1983 case in the Eastern District of New York. *See id.* ¶ 5.

For substantially the same reasons that Ackman's requested rate is unreasonable, St. Laurent's is as well. While St. Laurent may have considerable experience, this case required little time or labor following the work he and Ackman had performed in *Harrell*, and very little action—such as discovery or motion practice—had occurred before the offers of judgment were accepted. And while St. Laurent's declaration states, somewhat obliquely, that his "'standard billing rate'

---

[4] Judge Sullivan's decision in *Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015) is not to the contrary. In *Abdell*, Judge Sullivan determined that a rate of $650 for lead counsel in a § 1983 case was reasonable, where the attorney submitted evidence that he "customarily charges clients" that amount and where the case lasted "the better part of a decade," involved a jury trial and numerous motions. *Id.* at *3. Here, by contrast, Ackman has provided no evidence that he customarily charges clients at the rate he seeks here, and the case has required nowhere near as much labor or skill as *Abdell*. *See Coakley v. Webb*, No. 14-CV-8438 (ER), 2016 WL 1047079, at *5 (S.D.N.Y. Mar. 10, 2016) (distinguishing *Abdell*).

8

for cases without discounts or premiums is $625 per hour," St. Laurent Decl. ¶ 8, he has not submitted evidence that any client has, in fact, paid him at such a rate. Thus, the Court finds that an hourly rate of $550 for St. Laurent is not reasonable. Rather, as for Ackman, the Court concludes that an hourly rate of $425 is reasonable for St. Laurent.

### 3. Gallagher

Plaintiffs request an hourly rate of $425 for Joseph Gallagher. *See* Pl. Mem. at 7. Gallagher is a 2008 graduate of the Georgetown University Law Center and a senior associate at HSC. *See* Decl. of Joseph T. Gallagher in Supp. of Pls.' Appl. for a Fee Award ("Gallagher Decl.") ¶ 3 (Dkt. 51). Gallagher spent approximately four years working as an associate at the firm Davis Polk & Wardwell LLP and three years as an associate (then a senior associate) at the firm Freshfields Bruckhaus Deringer US LLP before joining HSC in late 2015. *See id.* ¶ 4. He represents that he has been involved with "several civil rights matters brought under § 1983." Gallagher states that his "'standard billing rate' for cases without discounts or premiums is $425 per hour." *Id.* ¶ 7.

Gallagher's requested rate of $425 per hour is unreasonable. "'[C]ourts in this district have awarded a rate of $300 per hour for senior associates with at least eight years of experience,' and 'typically award rates in the range of $125–215 to associates with three years of experience or less.'" *Thor 725 8th Ave. LLC v. Goonetilleke*, No. 14-CV-4968 (PAE), 2015 WL 8784211, at *11 (S.D.N.Y. Dec. 15, 2015) (quoting *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14-CV-2328 (GHW), 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015)), *aff'd*, 675 F. App'x 31 (2d Cir. 2017) (summary order); *see also, e.g.*, *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) ("[C]ourts in this district have found that $300 is an appropriate hourly rate for a senior associate with at least eight years' experience." (quoting *Black v. Nunwood, Inc.*, No. 13-CV-7207 (GHW), 2015 WL 1958917, *6 (S.D.N.Y. Apr. 30, 2015))). Here, considering that

Gallagher is a senior associate with approximately eight years of experience and has served in a supporting role to lead counsel in this case, the Court concludes that he is entitled to an hourly rate of $300. *See, e.g., Lee v. Santiago*, No. 12-CV-2558 (PAE) (DF), 2013 WL 4830951, at *8 (S.D.N.Y. Sept. 10, 2013) (finding $300 reasonable as an hourly rate for an associate with approximately five years of experience who "effectively serve[d] as lead counsel"); *Clover v. Shiva Realty of Mulberry, Inc.*, No. 10-CV-1702 (RPP), 2011 WL 1832581, at *5 (S.D.N.Y. May 13, 2011) (awarding $300 per hour to a senior associate at small firm who had been "practicing law for nearly nine years"); *Simmonds v. New York City Dep't of Corr.*, No. 06-CV-5298 (NRB), 2008 WL 4303474, at *1 n.2, 5 (S.D.N.Y. Sept.16, 2008) (determining that $325 was a reasonable hourly rate for a senior associate with approximately nine years of experience).

### 4. Dubatowka

Plaintiffs request an hourly rate of $325 for Megan Dubatowka, an associate an HSC. *See* Pl. Mem. at 8. Dubatowka graduated from Brooklyn Law School in 2013 and has "worked on numerous collective and class-action matters." *Id.*

The proposed rate of $325 for Dubatowka is unreasonable. Courts in this district generally award fees at hourly rates between $150 and $275 for junior associates at law firms specializing in civil rights. *See Pakter v. New York City Dep't of Educ.*, No. 08-CV-7673 (DAB) (KNF), 2010 WL 5653397, at *3 (S.D.N.Y. Oct. 26, 2010), *adopted*, 2011 WL 308272 (S.D.N.Y. Jan. 31, 2011); *E.S. v. Katonah–Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 430–31 (S.D.N.Y.2011), *aff'd*, 487 F. App'x 619 (2d Cir. 2012) (summary order). Here, Dubatowka had approximately three years of experience at the time this fee application was submitted, and she appears to have played a minor role in this litigation. In light of these considerations, the Court concludes that an hourly rate of $225 is reasonable. *See, e.g., Charles*, 2014 WL 4384155, at *4 ("In light of the prevailing rate

for junior associates doing civil rights litigation in this district, a rate of $225 per hour is reasonable."); *Spencer v. City of New York*, No. 06-CV-2852 (KMW), 2013 WL 6008240, at *5– 6 (S.D.N.Y. Nov. 13, 2013) (awarding $200 per hour to a junior associate with approximately four years of experience); *Antonmarchi v. Con. Ed. Co. of N.Y., Inc.*, No. 03-CV-7735 (LTS), 2012 WL 3126004, at *2 (S.D.N.Y. July 31, 2012) (finding $250 reasonable as an hourly rate for associates with two to four years of legal experience); *Auto. Club of N.Y., Inc. v. Dykstra*, 04-CV-2576 (SHS), 2010 WL 3529235, at *3 (S.D.N.Y. Aug.24, 2010) (awarding $200 per hour to junior associates); *Simmonds*, 2008 WL 4303474, at *5 (determining that $225 was a reasonable hourly rate for a junior associate); *Insinga v. Coooeratieve Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508, 510 (S.D.N.Y. 2007) (awarding $225 per hour to an associate with four years of experience).

### 5. Paralegals

Plaintiffs request an hourly rate of $125 for two HSC paralegals. *See* Pl. Mem. at 8. This rate is consistent with the rates routinely applied to the work of paralegals in this District, and the Court finds it reasonable. *See, e.g., Williams*, 2017 WL 1906899, at *3 (approving paralegal rate of $125 per hour); *Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906 (HBP), 2015 WL 4006896, at *8 (S.D.N.Y. July 1, 2015) (awarding $125 per hour for work performed by paralegals); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (determining that $125 was a reasonable hourly rate for paralegals).

## B. Hours Worked

Plaintiffs seek attorneys' fees for a total of 107.6 hours of work. *See* Pl. Mem. at 10. "A plaintiff is only to be compensated for 'hours reasonably expended on the litigation,' and not for hours 'that are excessive, redundant, or otherwise unnecessary.'" *Charles*, 2014 WL 4384155, at

*5 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)). "Upon finding that counsel seeks compensation for excessive hours, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (quoting *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999)). In determining whether to exclude requested hours, the relevant issue "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). In this case, Defendants argue that Plaintiffs' proposed hours are excessive for several reasons. *See* Defs. Mem. at 5–18.

1. **Non-Prevailing Plaintiffs**

First, Defendants argue that Plaintiffs' proposed hours must be reduced because they reflect the work performed on behalf of six plaintiffs, only three of whom are "prevailing parties." *See* Defs. Mem. at 7–9. The Court agrees.

"When an attorney represents multiple parties and not all prevail, the court need not categorically reduce the award by the proportion of unsuccessful parties, but should exercise discretion to reduce the fee to reflect a reasonable amount of time spent on the prevailing party's case." *Norwood v. Salvatore*, No. 3:12-CV-1025, 2016 WL 1060299, at *6 (N.D.N.Y. Mar. 15, 2016); *cf. Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (holding that a court may exclude hours spent on severable unsuccessful claims). The application presently before the Court seeks an award on behalf of only three of the six named Plaintiffs in this action. In an Opinion and Order to be filed separately today, the Court grants the remaining three Plaintiffs summary judgment on their Fourth Amendment claim against the City. Accordingly, the Court reduces the compensable hours sought in the present application by 50 percent but will permit Plaintiffs to request fees for

the remaining 50 percent of these hours in a future application on behalf of the remaining three Plaintiffs. *See, e.g., Norwood*, 2016 WL 1060299, at *8 (reducing the number of hours spent on the preliminary portion of the case by 50 percent, where only one out of two sets of plaintiffs prevailed and the work performed for non-prevailing plaintiffs was not "inextricably linked" to that performed for prevailing plaintiffs); *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 516–18 (S.D.N.Y. 2010) (reducing the presumptively reasonable fee by 60 percent, where only two out of seven plaintiffs prevailed); *Matthews v. City of New York*, No. 01-CV-2739 (CPS), 2003 U.S. Dist. LEXIS 16334, at *18–19 (Aug. 22, 2003) (reducing the compensable fees in a § 1983 action to 1/31 of the hours claimed, where only one out of 31 plaintiffs had prevailed).

### 2. Allegedly Excessive or Unnecessary Hours

Defendants next argue that Plaintiffs' compensable hours must be further reduced because the proposed hours are excessive or unnecessary in light of the work counsel had already performed in *Harrell*. *See, e.g.*, Defs. Mem. at 10–11. The Court agrees.

As discussed above, Plaintiffs have brought this action as "an extension of *Harrell*," and the "theories of liability in this case are the same as those advanced by the plaintiffs in *Harrell*." Pl. Mem. at 1. As a result, the initial and amended complaints in this action differ only slightly from those prepared by the same counsel in *Harrell*. *Compare* Am. Compl., *with* Am. Compl., *Harrell v. City of New York*, No. 14-CV-7246 (VEC) (Nov. 13, 2014) (Dkt. 24). Moreover, while Plaintiffs bring this action on behalf of a slightly different group of individuals, counsel had already identified this group as possible plaintiffs and had attempted to add individuals in this group—at least one of whom is now a party in this case—as parties in *Harrell*. *See* Order, *Harrell v. City of New York*, No. 14-CV-7246 (VEC) (Feb. 9, 2016) (Dkt. 80) (denying request "to add claims on behalf of second or subsequent violators" of § 19–506); Order, *Harrell v. City of New York*, No.

14-CV-7246 (VEC) (Mar. 31, 2016) (Dkt. 96) (denying request to add Angel DeCastro, who "was driving a vehicle that was licensed by the Taxi and Limousine Commission as a car for hire," as a plaintiff). Nonetheless, counsel billed over 100 hours for their work in the preliminary stages of this case—before any discovery or motion practice—including 21 hours for drafting and editing the initial and amended complaints. In light of the work counsel had already performed in *Harrell*, the hours claimed here, particularly for tasks such as preparing the pleadings, are excessive. Accordingly, the Court finds that a further reduction of compensable hours by 15 percent is appropriate. *See Rozell*, 576 F. Supp. 2d at 541 (reducing compensable hours by 15 percent in light of "excessive" time spent on various tasks in employment discrimination action, including preparing proposed jury instructions, where counsel were "experienced in employment discrimination cases and presumably would have had a substantial bank of sample jury charges to draw on"); *see also, e.g., Adorno*, 685 F. Supp. 2d at 515 (reducing compensable hours by 10 percent in light of "excessive, redundant, and unnecessary hours," including an unreasonable amount of time spent on motion practice).

### 3. Allegedly Vague Time Entries

Defendants next argue that Plaintiffs' proposed hours must be reduced because their records include vague entries, which prevent the Court from ascertaining how Plaintiffs' attorneys spent their time. *See* Defs. Mem. at 12–14. The Court agrees that a further reduction of Plaintiffs' proposed hours is proper.

"Courts may deny compensation where the billing information submitted is 'too vague to sufficiently document the hours claimed.'" *Tatum v. City of New York*, No. 06-CV-4290 (PGG) (GWG), 2010 WL 334975, at *7 (S.D.N.Y. Jan. 28, 2010) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998)). Here, a number of Plaintiffs' time entries are impermissibly vague.

14

For example, several time entries submitted by both Ackman and members of St. Laurent's firm refer to "discussions" or "meetings" without identifying the meeting participants or the subject of the meeting. *See, e.g.*, St. Laurent Decl. Ex. A (5/31/16: "Discussions regarding service of process"; 8/9/16: "Meet with DA, JG, & potential new plaintiffs"; 8/9/16: "Meeting with Mr. Ackman, Mr. St. Laurent, new client"; 8/25/16: "Correspond with clients"); Ackman Decl. Ex. A (6/27/16: "tel conf re scheduling"; 7/14/16: "tel confs and meetings w/ co-counsel"; 7/15/16: "tell confs w/ class reps"; 7/18/16: "tel confs re Rule 68 offers"; 7/20/16: "tel confs. w/ co-counsel"; 8/2/16: "meeting with ASL"). In addition, particularly in the case of Joseph Gallagher, several time entries simply state "attention to" a very general topic, without any explanation of what counsel actually did. *See, e.g.*, St. Laurent Decl. Ex. A (6/6/16: "Attention to service issues"; 9/8/16: "Attention to discovery issues"). Given the lack of specificity throughout the entries of both Ackman and members of St. Laurent's firm, the Court concludes that a 10 percent reduction of the compensable hours is appropriate. *See, e.g., Kirsch*, 148 F.3d at 172–73 (determining that a district court was within its discretion to reduce a fee award by 20 percent for on the grounds that a number of the attorneys' time entries, including "letter to court," "staff conference," or "work on motion," were "too vague to sufficiently document the hours claimed"); *Kerr v. John Thomas Fin.*, No. 14-CV-9168 (KBF), 2017 WL 1609224, at *2 (S.D.N.Y. May 1, 2017) (adopting a magistrate judge's determination that "plaintiff's counsel's time entries for activities such as 'calls,' 'filing,' and 'research, prep work' were sufficiently vague to justify a reduction in fees" (alteration omitted)); *Tucker v. City of New York*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010) (explaining that the requirement that a party requesting fees "identify the general subject matter" is "generally not satisfied by vague entries such as 'conference with' or 'call to' a specified person, although the court may be able to deduce the nature and relevance of a generally described time

entry based on its familiarity with the case or other contextual clues" (citations omitted)); *Williamsburg Fair Hous. Comm. v. N.Y.C. Hous. Auth.*, No. 76-CV-2125 (RWS), 2005 WL 736146, at *10 (S.D.N.Y. Mar. 31, 2005) (reducing a fee award after concluding that many time entries—such as "telephone conference," "conf. w AL," "mtg w/ GC" and "research"—"fail to indicate the subject matter of telephone calls, conferences, and documents reviewed and drafted, or otherwise provide context by referring to specific issues or events in the case").

### 4. Alleged Block Billing

Defendants make the related argument that Plaintiffs' proposed hours must be reduced due to "block billing" in their time entries. *See* Defs. Mem. at 12–14. The Court disagrees.

"Although there is no *per se* rule against block billing, to justify an award of attorneys' fees, counsel must provide enough information for the Court to assess the reasonableness of the hours worked on each discrete project." *Charles*, 2014 WL 4384155, at *5 (citation omitted); *see also Tatum*, 2010 WL 334975, at *7 ("While 'block-billing' is disfavored and may lack the specificity required for a fee award, it is not prohibited as long as the Court can determine the reasonableness of the work performed." (quoting *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999))). The entries of St. Laurent's firm contain very little block billing, as entries with more than one task generally specify, in parentheses, the amount of time spent on each task. *See, e.g.*, St. Laurent Decl. Ex. A ("Research, draft, send out to 4 plaintiffs letters discussing fact and consequences of Rule 68 offers (5.0); discuss with Dan Ackman (0.5)"). While Ackman's entries contain many more examples of block billing, most of these entries refer to relatively short periods of time—none exceeds 2.4 hours. *See* Ackman Decl. Ex. A; *see Abdell*, 2015 WL 898974, at *4 (declining to reduce compensable hours for block billing where, "to the limited extent there is *any* block billing in the records, it is for temporally short entries combining related tasks, and

the Court has little difficulty understanding the entries in context and finding the hours reasonable"); *cf. Charles*, 2014 WL 4384155, at *5 (decreasing the total number of compensable hours with respect to six specific entries in which counsel "block billed more than five hours of daily work into a single time entry"). Accordingly, while several entries in this case lack requisite specificity, the Court does not find that instances of block billing require a further reduction in the number of compensable hours for Plaintiffs' counsel.

### 5. Alleged Overstaffing and Duplicative Work

Finally, Defendants argue that Plaintiffs' alleged overstaffing and improper duplication of work among multiple attorneys warrants a further reduction in the amount of Plaintiffs' compensable hours. *See* Defs. Mem. at 9–11. The Court again disagrees.

"The use of multiple attorneys is not unreasonable *per se*." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 251 (S.D.N.Y. 2010) (alteration omitted) (quoting *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984)). "Of course, a trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, but for the most part such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983). "In addition to considerations of the scope and complexity of the litigation, the district court must account for 'duplicative or repetitive work' to ensure that the shifted fees represent only work that was 'necessary to the litigation' and 'a cost efficient use of co-counsel and outside counsel.'" *Simmonds*, 2008 WL 4303474, at *6 (quoting *Sullivan v. Syracuse Hous. Auth.*, No. 89-CV-1205, 1993 WL 147457, at *3 (S.D.N.Y. May 3, 1993)).

17

In this case, while Plaintiffs' co-counsel arrangement may have resulted in some inefficiencies, it may be justified by the roles Ackman and St. Laurent's firm played in the ongoing *Harrell* litigation and by the possibility that the case would become more complex at the class certification stage. Accordingly, the Court declines to further reduce the amount of compensable time on the basis of overstaffing or duplicative work.[5]

**C. Costs**

In addition to attorneys' fees, Plaintiffs seek reimbursement for costs pursuant to the terms of the offers of judgment. *See* Pl. Mem. at 10. "Costs are defined as those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Shabazz*, 2015 WL 7779267, at *6 (S.D.N.Y. Dec. 2, 2015) (quoting *Apolinario*, 2015 WL 4522984, at *4). Plaintiffs seek $520.30 in costs, which consists of $400 in filing fees, $94 relating to service, and $26.30 in PACER expenses. *See* St. Laurent Decl. ¶ 14.[6] Defendants do not dispute that these costs are reasonable, out-of-pocket expenses ordinarily charged to clients. Accordingly, Plaintiff is entitled to $520.30 in costs. *See, e.g., Lilly*, 2017 WL 3493249, at *8 (finding that prevailing plaintiffs were entitled to $400 in filing fees and $67.49 in "obtaining relevant medical records and service-related fees").

---

[5] Defendants also argue that Plaintiffs' time spent on several specific tasks is unreasonable. For example, Defendants challenge St. Laurent's entry billing 3.8 hours for "prepar[ing] for and appear[ing] at [a] hearing"—which was in fact the initial pretrial conference—and a paralegal's entry billing 1.5 hours for "confirm[ing] addresses for service & prepar[ing] documents for service." St. Laurent Decl. Ex. A; *see* Def. Mem. at 14–15. Since the Court has deducted a reasonable percentage of the number of total hours claimed, however, it need not evaluate the reasonableness of these individual entries. *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.").

[6] St. Laurent's declaration states that the HSC firm has incurred $420.30, rather than $520.30, in expenses. *See* St. Laurent Decl. ¶ 14. This appears to be a typographical error: Plaintiffs' brief states that the HSC firm seeks $520.30, which is the sum of the individual expenses listed in St. Laurent's declaration. *See* Pl. Mem. at 10; St. Laurent Decl. ¶ 14.

18

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees and costs is granted, subject to the modifications discussed above. Accordingly, Plaintiffs shall be awarded $15,257.33 as follows:

|  | **Hourly Rate** | **Hours** | **Total** |
|---|---|---|---|
| Daniel Ackman | $425 | 12.2 | $5,163.75 |
| Andrew St. Laurent | $425 | 13.5 | $5,753.44 |
| Joseph Gallagher | $300 | 10.4 | $3,133.13 |
| Megan Dubatowka | $225 | 1.6 | $358.59 |
| Marilyn Yuan | $125 | 2.0 | $246.09 |
| Joseph Matty | $125 | 0.7 | $82.03 |
| Costs | — | — | $520.30 |
|  |  |  | **$15,257.33** |

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Entry 48.

SO ORDERED.

Dated: September 30, 2017
New York, New York

Ronnie Abrams
United States District Judge